posed. Evidence as to defendant's dealings with Barnes, arising out of transactions in which the note was given, was not admissible as a defense to such note in the hands of an innocent holder for value before maturity.

The judgment of the Circuit Court is reversed, and as the cause was tried with a jury it is remanded for a new trial.

*Reversed and remanded.*

Franco-American Hygienic Company, Plaintiff in Error, v. Edward J. Chladek, Defendant in Error.

Gen. No. 21,213.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN C. WORK, Judge, presiding. Heard in this court at the March term, 1915. Reversed and judgment here. Opinion filed December 6, 1915.

## Statement of the Case.

Action by the Franco-American Hygienic Company, a corporation, plaintiff, against Edward J. Chladek, defendant, in the Municipal Court of Chicago, to recover on a guaranty by defendant of the debt of another. To reverse a judgment for defendant, plaintiff prosecutes this writ of error.

On October 9, 1911, defendant signed and delivered to plaintiff the following guaranty contract:

"In consideration of year entrusting to

    Name   Jessie B. Gordon

    Address   Lincoln, Ill.

from time to time while in your employ, such goods and sample cases as you may deem it advisable for her to use in her capacity as Traveler for you.

I HEREBY GUARANTEE that she will return any samples and goods furnished her within thirty days after written demand has been mailed to her above address.

Should she fail to return such goods and samples furnished her within thirty days after demand having been made, or having done so, if there still remains a balance on her account unpaid, I agree to pay for same, not to exceed the sum of Fifty Dollars.

For the purpose of securing this credit for her, I state that I am worth One Thousand Dollars over and above all debts, liabilities and exemptions.

It is understood that a series of transactions is contemplated and this guaranty is for the purpose of covering any balance that is or may become due after demand for settlement has been made.

This surety shall remain in full force and effect until withdrawal of same shall be received and duly acknowledged in writing by the Franco-American Hygienic Company.

(Signed)　Edward J. Chladek.''

After receipt of the foregoing guaranty, plaintiff employed Jessie B. Gordon, therein named, as traveling saleswoman and intrusted to her certain of its goods. On the severing of the relations between plaintiff and Miss Gordon there appears from a statement rendered to her by plaintiff to be due plaintiff the sum of $71.14, which sum neither Miss Gordon nor defendant paid. The following facts were agreed upon at the trial:

. That defendant signed the guaranty pleaded and turned it over to Miss Jessie B. Gordon, therein named, and that said Gordon owes plaintiff $71.14. The defense was that the guaranty was given October 9, 1911; that defendant heard nothing about it until 1913; that he received no consideration; that defendant received notice neither of the acceptance of guaranty nor of default by Gordon; that no demand was made on defendant to comply with the guaranty, and that time in which to pay was extended to Gordon.

Homer K. Galpin, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 86*—*what constitutes sufficient consideration to support contract.* In an action to recover on a contract whereby defendant guarantied the return of goods supplied to a third person for use by such person as samples while employed by plaintiff, the employment of such third person by plaintiff is a sufficient consideration to support the contract sued upon.

2. LIMITATION OF ACTION, § 21*—*when action on contract of guaranty barred.* An action to recover on a contract of guaranty containing no limit of time may be maintained at any time before such action is barred by the statute of limitations affecting such contracts.

3. GUARANTY, § 6*—*when notice of acceptance of guaranty unnecessary.* In an action to recover on a contract of guaranty, unlimited as to time, but limited as to amount, proof of notice to guarantor of the acceptance of the undertaking is not necessary.

4. GUARANTY, § 33*—*what facts must be specially pleaded.* In an action to recover upon a collateral, continuing guaranty if defendant in defense relies on the fact that no suit was brought against the principal to recover the debt, and that no notice of the default in payment was given to defendant, such facts must be specially pleaded, for the reason that in such case proof of the indebtedness and of the guaranty entitles plaintiff prima facie to recover.

5. GUARANTY, § 27*—*when failure to give notice of default of principal available as defense.* In an action to recover on a guaranty, the fact of failure of plaintiff to notify defendant of the default of principal can be availed of as a defense only in so far as defendant can show damage as a result of such want of notice.

---

## The Standard Brewery, Defendant in Error, v. John Lynch, Plaintiff in Error.

### Gen. No. 21,225.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.